UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN, | No. 2:16-cv-2663 JAM CKD P |
| Plaintiff, | |
| v. | ORDER |
| D. ROBERDS, et al., | |
| Defendants. | |

I. <u>Introduction</u>

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

III. Analysis

Plaintiff names as defendants three correctional officers at California State Prison – Sacramento.  He states that he has a history of mental illness and was a participant in CSP-Sac's Enhanced Outpatient Program (EOP) on July 28, 2015.  That day, plaintiff alleges, he informed defendant Rodriguez that he had swallowed fifty pills and was suicidal.  Plaintiff asked Rodriguez to call medical staff, but Rodriguez walked away without saying anything.  A second defendant, Roberds, also looked at plaintiff standing in his cell and walked away.  Plaintiff told another inmate that he had swallowed fifty pills of Naproxen, and the inmate informed defendants Roberds and Hernandez.

1    To attract staff's attention, plaintiff set a small fire using paper in his cell and slid it under
2 the cell door.  Roberds and Hernandez sprayed a fire extinguisher into the cell, putting out the fire
3 and covering plaintiff in fire retardant chemicals.  Defendants removed plaintiff from the cell but
4 did not decontaminate him, and plaintiff vomited until the fire retardant was out of his system.
5 Plaintiff could not tolerate the standard treatment for overdose patients due to stomach pain, but
6 eventually received medical assistance.

7    Plaintiff claims that defendants were deliberately indifferent to his mental illness and
8 suicidality and also used excessive force in violation of the Eighth Amendment.

9    The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison
10 officials, among other things, a duty to "take reasonable measures to guarantee the safety of the
11 inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S.
12 517, 526-27 (1984)).  "'[P]rison officials have a duty ... to protect prisoners from violence at the
13 hands of other prisoners.'" Id. at 833.  "[A] prison official violates the Eighth Amendment when
14 two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently
15 serious[.]'  For a claim . . . based on a failure to prevent harm, the inmate must show that he is
16 incarcerated under conditions posing a substantial risk of serious harm." Id. at 834.  Second, "[t]o
17 violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently
18 culpable state of mind' ... [T]hat state of mind is one of 'deliberate indifference' to inmate health
19 or safety." Id.  The prison official will be liable only if "the official knows of and disregards an
20 excessive risk to inmate health and safety; the officials must both be aware of facts from which
21 the inference could be drawn that a substantial risk of serious harm exists, and he must also draw
22 the inference." Id. at 837.

23    Here, plaintiff's allegations are too vague and conclusory to state a deliberate indifference
24 claim.  It is not clear how long defendants left plaintiff unattended after he stated he was suicidal,
25 or whether they alerted medical staff about his statements.  Plaintiff does not explain when he
26 swallowed the pills or describe his condition when spoke to defendants.  The fact that defendants
27 did not immediately respond verbally to plaintiff, after he told them he was suicidal, is not
28 enough to state a claim under the Eighth Amendment.

Nor does plaintiff state a claim based on excessive force. Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately counts. Id. at 1178. Mere negligence is not actionable under §1983 in the prison context. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

Here, plaintiff has not stated an excessive force claim, as the complaint does not suggest the malicious or sadistic use of force. Rather, defendants were spraying fire retardant into the cell in order to put out a small fire started by plaintiff.

As it fails to state a claim, plaintiff's complaint must be dismissed. However, the court will grant leave to file an amended complaint. While plaintiff will be given the opportunity to amend, it is not for the purpose of adding new claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). If plaintiff chooses to amend the complaint, he should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

IV. Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, plaintiff's amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory

4

allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed for failure to state a claim;

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: February 1, 2017

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / alle2663.14.new